IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENEVIEVE MAHONEY, a/k/a ) <br> @genmahoney19, an individual, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> FACEBOOK, INC., ) <br>   ) <br> Defendant. ) | NO. 3:21-cv-00607 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM

Pending before the Court are Defendant Facebook, Inc.'s ("Facebook") Motion to Transfer (Doc. No. 13) and Plaintiff Genevieve Mahoney's ("Ms. Mahoney") Motion to Remand (Doc. No. 24). The motions are fully briefed and ripe for the Court's consideration. (*See* Doc. Nos. 32, 40, 38, 45). For the reasons discussed below, Ms. Mahoney's motion will be **DENIED**, and Facebook's motion will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Mahoney is a citizen and resident of Nashville, Tennessee. (Doc. No. 1-1 ¶ 43). Facebook is a Delaware corporation with its principal place of business located in Menlo Park, California. (*Id*. ¶ 44). On July 1, 2021, Ms. Mahoney filed suit against Facebook in the Circuit Court of Davidson County, Tennessee alleging claims of defamation and negligent infliction of emotional distress and seeking damages in an amount of $168,000,000.00. (*Id*. at PageID # 7-45). On August 4, 2021, Facebook removed the case to this Court under 28 U.S.C. §§ 1441, 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332 (a). (Doc. No. 1 ¶ 1). On August 30, 2021, Facebook filed the pending Motion to Transfer, and Ms. Mahoney filed the pending Motion to Remand on September 20, 2021.

## II.   ANALYSIS

**A. Motion to Remand**

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). As the removing party facing a motion to remand, Facebook has the burden of establishing federal subject matter jurisdiction. *See Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012). Facebook removed this action to federal court based on diversity of citizenship under 28 U.S.C. § 1332(a). (Doc. No. 1 ¶ 1). As the amount in controversy exceeds $75,000 and Ms. Mahoney and Facebook are citizens of different states, (*see* Doc. No. 1-1 at PageID # 16, 44), the Court finds that complete diversity subject matter jurisdiction existed at the time of removal. *See* 28 U.S.C. § 1332(a); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) ("When an action is removed based on diversity, [courts] must determine whether complete diversity exists at the time of removal.").

Through her motion to remand, Ms. Mahoney argues that this case was not properly removed because the forum clause designated the Northern District of California as the exclusive federal court jurisdiction. Specifically, Ms. Mahoney argues that Facebook waived its right to remove by not including "removal language in its forum-clause to align with § 1441(a)." (*See* Doc. No. 28 at 26 n.3). "Although the right to remove can be waived, … such waiver must be clear and unequivocal." *Regis*, 894 F.2d at 195. "Any such waiver usually must be explicit, but a defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) ("Affirmative actions, like filing a cross-claim or permissive counterclaim in state court, are the kinds of steps that may amount to waivers."). Ms. Mahoney does not argue that

Facebook explicitly waived its right to remove or took affirmative action in state court that would amount to waiver. Accordingly, the Court finds that Facebook did not waive its right to remove. Ms. Mahoney's motion for remand will be denied.

**B. Motion to Transfer**

Through its motion to transfer, Facebook argues that this case should be transferred to the Northern District of California, pursuant to 28 U.S.C. § 1404(a), based on a forum selection provision in the Instagram Terms of Use.[1] "Where, as here, a forum-selection clause indicates that a matter should be heard by a state or foreign court, then *forum non conveniens* is the appropriate method of enforcement." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 214 (6th Cir. 2021) (citations and internal quotations omitted). However, the presence of a valid and enforceable forum-selection clause alters the type of analysis a court must apply. *Id*. at 214-15 (citing *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63–64 (2013)).[2] Thus, "[a] court must first—before balancing the forum-non-conveniens factors—determine whether a forum-selection clause is applicable to the claims at issue, mandatory, valid, and enforceable." *Id*.

As the party opposing enforcement, Ms. Mahoney bears the burden of showing that the clause should be set aside. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830, 828 (6th Cir. 2009). Ms. Mahoney attempts to meet her burden by relying on her waiver argument that the Court considered above and rejected. As such, the Court finds that Ms. Mahoney has failed to satisfy her burden of showing that the forum clause is unenforceable.

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

[2] "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside*, 16 F.4th at 215 (quoting *Atlantic Marine*, 571 U.S. at 63-64).

Therefore, this case must be transferred unless Ms. Mahoney satisfies her burden of showing that public interest factors "overwhelmingly disfavor a transfer." *See Atlantic Marine*, 571 U.S. at 67; *Lakeside*, 16 F.4th at 215 ("The onus falls on the plaintiff to show that the public-interest factors defeat dismissal, and they rarely will."). Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *See Atlantic Marine*, 571 U.S. at 62 n.6. Ms. Mahoney does not address these factors, let alone satisfy her burden of showing that they disfavor transfer. Accordingly, Facebook's motion to transfer will be **GRANTED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE